IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DELORIS PHILLIPS,<br><br>    Petitioner,<br><br>v.<br><br>SHEILA EVERETT,<br><br>    Respondent. | No. 3:19-cv-00963-S-BT |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Petitioner's "Motion for Leave to File Requesting Full Panel Decision with Finding of Fact and Conclusion of Law." (ECF No. 2). For the following reasons, the District Court should DENY Petitioner's Motion and *sua sponte* dismiss this action with prejudice.

### Background

Both the United States Court of Appeals for the Fifth Circuit and this Court have deemed Petitioner Deloris Phillips "a pernicious, abusive, and vexatious litigant." *Phillips v. Fed. Bureau of Investigation,* No. 3:13-cv-1571-B-BF, doc. 10 (N.D. Tex. May 20, 2013) (citing *Phillips v. United Parcel Serv.*, No. 3:11-10766, Order at 1-2 (5th Cir. May 16, 2012); *Phillips v. United Parcel Serv.*, No. 3:11-cv-2861-B, doc. 57 at 1-2 (N.D. Tex. Oct. 19, 2012)). Accordingly, she is barred from communicating with either court's clerk's office and from filing suit without leave. *Phillips v. City of Dallas, et al.*, 3:14-cv-3131-M-BN, doc. 22 at 2-3 (N.D. Tex. Dec.

1

19, 2014), *adopted by* doc. 25 (N.D. Tex. Jan. 14, 2015). Specifically, "Deloris Phillips is prohibited from proceeding with any civil action in the United States District Court for the Northern District of Texas whether she files it in this Court, she files it in another court and it is removed to this Court, or she files in another federal court and it is transferred to this Court—unless she obtains from a district judge of this Court leave to proceed in this Court." *Id*. doc. 25 at 1-2.

On April 19, 2019, Petitioner filed her Motion requesting leave—as best the Court understands—to appeal a decision by the Social Security Administration ("SSA") rendered on June 4, 2014. Mot. 21-24. She seeks a "hearing to establish fact and to present evidence to show what is written in SSA letters in notices are not fact and made to be something that it is not," because "at least 2-3 persons in each SSA allowed themselves to knowingly be used to fabricate, manufacture, remove, alter and/or delete pertinent files in the case, appeal, and appeal of [Petitioner] Deloris Phillip." *Id*. 2, 4. Accordingly, though it appears to be related to an appeal of a different matter, Petitioner states that she is "rewriting . . . in its entirety the motion for en banc reconsideration with finding of fact and conclusion of law for 19-10062 in the U.S. Court of Appeals for the Fifth Circuit" and directs this Court's judges to "access pacer for [Petitioner's] motion for en banc reconsideration in 19-10062." *Id*. 2-3. Petitioner asserts the judges of this Court are bound to correct deliberate errors, which include the SSA's previous decision and this Court's determination that Petitioner is a vexatious litigant. *Id*. 3-10.

2

From the documents attached to her Motion, the Court gleans that Petitioner began receiving disability insurance benefits on October 1, 1998, and that her disability was found to have ceased on July 1, 2003. *Id*. 21. She was entitled to an extended period of eligibility through May 2009; however, she "worked at a gainful level of income while also receiving disability insurance benefits between May 2009 and October 2011," resulting in an overpayment of Title II benefits in the amount of $14,768.26. *Id*. On November 29, 2011, Petitioner requested waiver of the overpayment, stating that she was not at fault in causing the overpayment. *Id*. On May 9, 2013, Petitioner "contacted the Agency regarding her request for review and it was determined that her request had been lost." *Id*. Petitioner's contact was treated as a request for reconsideration and was denied. *Id*. Petitioner then filed a request for a hearing, which was held on May 7, 2014, in Dallas, Texas. *Id*. Following the hearing, on June 4, 2014, the Administrative Law Judge ("ALJ") issued a written decision and determined that Petitioner was liable for the overpayment amount under the Social Security Act. *Id*. 24. Petitioner does not attach any documentation indicating she sought review from the Appeals Council.

**Legal Standard and Analysis**

To the extent Petitioner seeks review of the SSA's June 4, 2014 decision, her request is likely barred as untimely and for failure to exhaust administrative remedies. Under 20 C.F.R. § 422.210(a), "[a] claimant may obtain judicial review of a decision by an administrative law judge *if the Appeals Council has denied claimant's request for review, or of a decision by the Appeals Council* when that

is the final decision of the Commissioner." 20 C.F.R. § 422.210(a) (emphasis added). Further such a civil action "must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause." *Id*. § 422.210(c). There is no indication that Petitioner sought review from the Appeals Council within 60 days of receiving the ALJ's June 4, 2014 decision, nor does she allege that she did so. The letter accompanying the ALJ's decision, which she attaches to her Motion, makes clear that, "If you do not appeal and the Appeals Council does not review [your] decision on its own, [your] decision will become final"; and that, as a result, "You will not have the right to Federal court review." Mot. 19. Because the ALJ's June 4, 2014 decision became final, Petitioner does not have the right to federal court review, nor would Petitioner's request for review be timely, even if she had sought review from the Appeals Council, nearly five years after the decision. Thus, Petitioner is not entitled to review of the SSA's June 4, 2014 decision.

Nor is Petitioner entitled to reconsideration—en banc or otherwise—of any prior judicial determination that she is a vexatious litigant. That issue has been fully litigated in the Northern District of Texas and the Fifth Circuit. Petitioner may not bring a new civil action challenging the prior decisions of this Court or the Fifth Circuit. Further, based on the prior sanctions order, Petitioner may not file any civil action without first obtaining permission from a United States District Judge.

To the extent Petitioner seeks permission to file a new civil action, it should be denied.

## **RECOMMENDATION**

For the reasons stated above, the District Court should DENY Petitioner Deloris Phillips's "Motion for Leave to File Requesting Full Panel Decision with Finding of Fact and Conclusion of Law" (ECF No. 2) and *sua sponte* dismiss this action with prejudice.

**SO RECOMMENDED.**

May 6, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).